IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIE UNIQUE DAVIS,**

    Plaintiff,

v.                                                                                   Civil Action No. **3:13CV272**

**NICK SAMPLE,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Willie Unique Davis, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Davis contends that Defendants Officer Sample and Nurse Elliott denied him adequate medical care during his incarceration in the Riverside Regional Jail ("RRJ"). The matter is before the Court on Davis's failure to serve Defendant Elliott and Defendant Sample's Motion to Dismiss. For the reasons stated below, the Court will GRANT Defendant Sample's Motion to Dismiss (ECF No. 21) with respect to Claim Two and will DENY the Motion to Dismiss with respect to Claim One. The Court will DISMISS WITHOUT PREJUDICE the action against Defendant Elliott.

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. FAILURE TO SERVE DEFENDANT ELLIOTT

Pursuant to Federal Rule of Civil Procedure 4(m),[2] Davis had one hundred and twenty (120) days from the filing of the complaint to serve Defendant Elliott.[3] Here, that period commenced on April 4, 2014. On April 11, 2014, the Marshal attempted to serve Defendant Elliott at the address provided by Davis. On April 15, 2014, the Marshal returned the summons unexecuted, noting that Defendant Elliott was no longer employed by CCS or RRJ. (ECF No. 20, at 3.) By Memorandum Order entered September 22, 2014, the Court noted that more than 120 days had passed and Davis had not served Defendant Elliott. The Court ordered Davis to show good cause, within eleven (11) days of the date of entry thereof, why the Court should not dismiss Davis's claims against Defendant Elliott and terminate her as a defendant. Davis has not responded.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528

---

[2] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[3] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

(D. Md. 1999)). Davis makes no showing of good cause for his failure to serve Defendant Elliott. Accordingly, Davis's claims against Defendant Elliott will be DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 4(m).

## II. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF ALLEGATIONS

In his Complaint, Davis alleges that, during his incarceration in the RRJ, Defendant Sample denied him adequate medical care in violation of the Eighth Amendment.[4] Specifically, Davis alleges:[5]

> On the date of 8/21/12 @ 10:30 AM, I notified Officer Sample that I needed to see the nurse because of pain [and] diarrhea. Nothing was done. At 1:00 PM during med pass, I told the nurse I needed medical attention. I have been in pain for 4 days. The pain became extreme. I informed Officer Sample again that I was having a pancreatitis attack. The pain became worse. I informed him 2 – 3 more times until I was no longer able to stand. I was on the floor in pain, other inmates informed him that I was on the floor, he said I informed medical what else do you want me to do. He in turned laughed out loud and walked

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[5] The Court corrects the capitalization, spelling, and punctuation in quotations from Davis's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Davis's submissions.

away . . . I was still in pain on the floor for 30 minutes until finally Lt. Walker came in and insisted that he call a nurse. The nurse came and said there was nothing that could be done. Nurse Elliott in turn left me on the floor until Lt. Walker made her call for assistance. Then and only then was I helped into a wheelchair and escorted to medical. Lt. Walker demanded I be seen by a supervisor. I was not seen by the doctor. Nurse Elliott informed me she spoke to Dr. Ruby and he said to give me pain med for 3 days only. And I would be placed on the list for the doctor.

      I have not been seen up until 8/30/12. I still haven't been seen or do not have my medication. On 8/30/12 @ 9:30 AM, I informed Officer Sample that I have severe complications with my allergies and I have not had my medication for a month. This day broke out in hives and redness. I showed it to him and the nurse. My meds were on the cart. I had been asking her for 3 days please give me some relief or inform the head nurse Elliott about my condition. Officer Sample told me in a loud, boisterous manner that he was not going to call for me. He stated that he was not going to lay down, walk, crawl, or do nothing for me. I asked him please when he gets time, please call for me. At this time he started a verbal argument and he threatened me to the point where I had to get up in pain out of my wheelchair because he walked up on me to assault me. He called Lt. Banks. I explained to the Lt. the situation. My medical concerns and also that Officer Sample right in front of me, informed inmate Robert Birch that he would call medical for him. After that I asked Lt. Banks is it fair for him to call for 2 others but _deny_ me. After that I was informed that I was on administrative lock for threatening an officer when, in turn, I was the one threatened. I have been here over a year and never had a problem. I was denied and approached. It is my right to inform the officer of any emergency regarding medical issues. I have seen Officer Sample call right away if someone informs him. But for some reason, he refuses to assist me when I ask. My rights were violated when I laid on the floor for 30 minutes begging him to call for assistance, even other people were asking him to call.

      As an officer in charge of 30-40 inmates, there is no need to show favoritism or just ignore my request. This is the third time he has had an issue concerning my medical condition. Even my family members where on the phone when I was in pain and heard him threaten me. They had to call 911 from outside the facility and call up Riverside numerous times to no avail or assistance were provided. I have in my charts that my wife and mother can get any information regarding my medical condition but they were abused verbally and hung up on. All the response I get is my chart[ ] is flagged or there's nothing that can be done. I have contacted the NAACP and ACLU on these issues.

(Compl. 4–6, ECF No. 1.) Davis seeks $100,000 in monetary damages. (*Id.* at 7.)

The Court construes Davis to raise the following claims for relief against Defendant Sample:[6]

Claim One: Defendant Sample denied Davis adequate medical care on August 21, 2012 with regard to his complaints of pain, diarrhea, and a pancreatitis attack.

Claim Two: Defendant Sample denied Davis adequate medical care on August 30, 2012 for his allergies.

## IV. ANALYSIS

Defendant Sample argues that Davis's claims should be dismissed because: (1) Davis failed to exhaust his administrative remedies; (2) Davis fails to state an Eighth Amendment claim for relief; and, (3) Defendant Sample is entitled to qualified immunity. For the reasons stated below, the Motion to Dismiss will be DENIED with respect to Claim One and will be GRANTED with respect to Claim Two.

### A. Failure to Exhaust Administrative Remedies

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Because the exhaustion of administrative remedies is an affirmative defense, Sample bears the burden of demonstrating lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

---

[6] Defendant Sample construes Davis to raise a third claim that Defendant Sample verbally threatened Davis. (*See* Mem. Supp. Mot. Dismiss 12–13, ECF No. 22.) As Defendant Sample correctly asserts, threats and verbal abuse, without more, state no claim for § 1983 relief. *Chase v. Coppedge*, No. 3:12CV142, 2013 WL 1897114, at *2 (E.D. Va. May 3, 2013) (citing *Wilson v. McKeller*, 254 F. App'x 960, 961 (4th Cir. 2007)).

Although it is possible to raise the defense in a motion to dismiss, the United States Court of Appeals for the Fourth Circuit has cautioned that "it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint . . . ." *Anderson v. XYZ Corr. Health Serv., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (quoting *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), for the proposition that "'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'").

Defendant Sample suggests that Davis's lack of exhaustion appears on the face of the Complaint. That is not so. Defendant Sample correctly asserts that Davis acknowledges that RRJ had a grievance procedure, but then states he did not utilize such procedure. (Compl. 3.) Nevertheless, in response to Defendant Sample's Motion to Dismiss, Davis filed a number of grievances that he submitted relating to his medical care. (Resp. Ex. 1, ECF No. 25-1.) Defendant Sample has not filed a further response addressing these grievances. Contrary to Defendant Sample's assertion, this is not one of the "'rare cases'" where the inmate's failure to comply with § 1997e(a) can be assessed from the face of the Complaint. *Moore*, 517 F.3d at 725 (quoting *Freeman*, 479 F.3d at 1260).

Without information about the requirements of the RRJ's grievance procedure, the Court cannot ascertain whether Davis's complaint about the use of excessive force was grieveable. *See Anderson*, 407 F.3d at 682 n.5 ("To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." (citing *Mojias v. Johnson*, 351 F.3d 606, 610–11 (2d Cir. 2003); *Snider v. Melindez*, 199 F.3d 108, 113–14 (2d Cir. 1999))).

The Court requires such information because "a court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." *Mojias*, 351 F.3d at 610 (citing *Snider*, 199 F.3d at 114). Accordingly, the Motion to Dismiss the Complaint for the lack of exhaustion will be DENIED. *See Daniels v. Caldwell*, No. 3:11CV461, 2013 WL 85165, at *3 (E.D. Va. Jan. 7, 2013) (denying motion to dismiss on the basis of exhaustion for similar reasons).

### B. Eighth Amendment Claims

#### 1. Applicable Law

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

### 2. Allergies (Claim Two)

For Claim Two, Davis fails to satisfy either the objective or subjective component of the Eighth Amendment claim against Defendant Sample. Davis states that on August 30, 2012, he informed Defendant Sample that he had "severe complications with my allergies and I have not had my medication for a month. This day broke out in hives and redness." (Compl. 5.) Davis's allergies, hives, and redness, as alleged, are not sufficiently serious medical conditions to warrant

9

Eighth Amendment protection. *See Twiford v. Va. Beach City Jail*, No. 1:13cv1318 (TSE/TCB), 2013 WL 5999320, at *2 (E.D. Va. Nov. 8, 2013) (citing *Benjamin v. Higgs*, No. 1:08cv836 (JCC/TRJ), 2009 WL 483149, at *3 (E.D. Va. Feb. 25, 2009); *Goodman v. Wexford Health Sources, Inc.*, No. 2:09-0122, 2009 WL 1360290, at *2-3 (S.D. W.Va. May 13, 2009)). Thus, Davis fails to allege a sufficiently serious medical need.

Davis also fails to satisfy the subjective component for Claim Two. Davis fails to plead facts that indicate that Defendant Sample knew of and disregarded an excessive risk to Davis's health. *See Farmer*, 511 U.S. at 837. Davis alleges that "he showed [his allergies, hives, and redness] to [Defendant Sample] and the nurse. My meds were on the cart. I had been asking her for 3 days please give me some relief or inform the head nurse Elliott about my condition. Officer Sample told me . . . that he was not going to call for me." (Compl. 5.) Davis fails to allege sufficient facts that Defendant Sample actually perceived that Davis faced a substantial risk of serious harm when he refused to call someone from medical at Davis's request for his allergies. *Cf. Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (explaining that "[a] prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution"). Instead, Davis's pleadings allege that a nurse observed Davis's hives and rash during the time period in which he alleges Defendant Sample refused to call medical. (*See* Compl. 5.) He also contends that the nurse, not Defendant Sample, refused to give him medicine or call the head nurse. (*Id.*) "'If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'" *Iko*, 535 F.3d at 242 (omission in original) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).

Here, Defendant Sample reasonably relied on the nurse's judgment with regard to Davis's complaints about allergies, hives, and redness. Accordingly, Davis fails to allege facts that Defendant Sample acted with deliberate indifference to Davis's medical needs for Claim Two. Accordingly, the Motion to Dismiss will be GRANTED with respect to Claim Two.

### 3. Extreme Pain and Pancreatitis (Claim One)

In Claim One, Davis alleges that at 10:30 a.m. he notified Defendant Sample that he needed to see the nurse because of pain and diarrhea, but Defendant Sample did nothing. (Compl. 4.) Davis states that he saw the nurse at 1:00 p.m. during med pass and informed her that he "needed medical attention" and that he had "been in pain for 4 days." (*Id.*) At some point, "[t]he pain became extreme" and Davis "informed Officer Sample again that I was having a pancreatitis attack." (*Id.*) Davis contends that "[t]he pain became worse," and he "informed him 2 – 3 more times until I was no longer able to stand. I was on the floor in pain, other inmates informed him that I was on the floor, he said I informed medical what else you want me to do." (*Id.*) Defendant Sample then "laughed out loud and walked away." (*Id.*) Thirty minutes later, Davis claims that Nurse Elliott came to check on Davis but "said there was nothing to be done" and "left [Davis] on the floor." (*Id.*) Eventually, Davis was "helped into a wheelchair and escorted to medical" where "Nurse Elliott informed [Davis] that she spoke to [the doctor] and he said to give me pain meds for 3 days only." (*Id.*)

Under the Eighth Amendment, a condition is sufficiently serious if it is "'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Hanrahan v. Mennon*, 470 F. App'x 32, 33 (2d Cir. 2012) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). Davis's allegations of extreme pain and a pancreatitis attack are "objectively, sufficiently serious" medical conditions. *Farmer*, 511 U.S. at 834.

With regard to the subjective component, the Court notes that Davis alleges that despite his contention that Officer Sample did "nothing" in response to his complaints of pain, Davis also admits that he was seen by a nurse three times on August 21, 2012. (Compl. 4.) The record, however, suggests that both Officer Sample and the nurse acted with indifference to Davis's pain. Davis states that Defendant Sample ignored Davis's complaints of extreme pain and a pancreatitis attack, laughed at him, and left Davis lying on the floor for thirty minutes. Only after repeated prodding by Lieutenant Walker was Davis's condition brought to the attention of a physician, who quickly prescribed pain medication for Davis. (*Id.*) Davis alleges sufficient facts to make out a claim that Defendant Sample was deliberately indifferent to Davis's complaint of extreme pain and a pancreatitis attack. *Cf. Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (citation omitted) (finding prison official who ignored the complaints of chest pain in inmate who had a history of cardiac problems "meets the 'deliberate indifference' threshold"); *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989) (finding physician's assistant who laughed at request to treat inmate and "callously and cavalierly ignored repeated indications" of an inmate's serious illness was deliberately indifferent); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986) (finding that "the guards laugh[ing] and jok[ing] about [inmate's] physical state" without assisting inmate with "severe symptoms" was one of several factors that created a material dispute over whether guards were deliberately indifferent).

C. **Qualified Immunity**

"When qualified immunity is asserted, the reviewing court should usually first ask whether the right was violated on the facts alleged, and then determine whether that right was 'clearly established.'" *LeSueur–Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012) (citing *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009)); *see Pearson v. Callahan*, 555

U.S. 223, 236 (2009) (first alteration in original) ("[W]e conclude that, while the sequence set forth [in *Saucier v. Katz*, 553 U.S. 194 (2001)] is often appropriate, it should no longer be regarded as mandatory."). Defendant Sample's assertion of qualified immunity is limited to a recitation of the general jurisprudence governing qualified immunity. Based on the foregoing discussion of Davis's claims, the Court quickly dispenses with Officer Sample's qualified immunity argument.

As noted above, Davis has adequately alleged a constitutional claim of deliberate indifference to his serious medical needs for Claim One. Furthermore, in light of the authority cited above, Davis fails to demonstrate that the right was not clearly established. *See Allen v. City of Fredericksburg*, No. 3:09CV63, 2011 WL 782039, at *11 n.5 (E.D. Va. Feb. 22, 2011) (discussing the proper methodology for briefing the defense of qualified immunity). Accordingly, Defendant Sample's Motion to Dismiss based upon qualified immunity will be DENIED.

### III. CONCLUSION

Accordingly, Defendant Sample's Motion to Dismiss (ECF No. 21) will be GRANTED with respect to Claim Two and DENIED with respect to Claim One. The claims against Defendant Elliott will be DISMISSED WITHOUT PREJUDICE. Any party wishing to file a dispositive motion, must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/3/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge